KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MOHAMMAD KHATIB
Assistant U.S. Attorney
Room 6100, PJKK Federal Building 300
Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Emails:      Mohammad.Khatib@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 20-00061-JMS |
| | ) | |
| Plaintiff, | ) | STIPULATED PROTECTIVE |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| SHAWN MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

STIPULATED PROTECTIVE ORDER

The United States of America, by and through its counsel of record, the United States Attorney for the District of Hawaii and Assistant United States Attorney

Mohammad Khatib, and the above named defendant, by and through their below listed counsel of record, hereby stipulate and agree that good cause exists for a protective order governing the discovery in this case and request that the Court enter a protective order, in accordance with Rule 16(d)(1) of the Federal Rules of Criminal Procedure, as set forth below:

1. Defendant is charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute 5 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846. Defendant is also charged with a substantive count of aiding and abetting possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

2. The United States previously produced discovery subsequent to the original indictment in this case. The disclosure and use of that discovery is hereby modified by this Stipulated Protective Order. In all other respects, this Stipulated Protective Order shall operate prospectively, only to discovery produced following the entry of this Stipulated Protective Order.

3. All discovery materials provided by the United States to the defense in the above-captioned case may be utilized solely for the purpose of defending this case.

4. The discovery materials and their contents may be disclosed, including discussed, only as follows and only to the following persons:

    a. Counsel of record for Defendant;

    b. Defendant; and

    c. Members and employees of defense counsel's law office who are assisting with the preparation of the defense and individuals employed by or otherwise working with defense counsel to assist in the defense, including investigators, experts, paralegals and law clerks.

5. The materials shall not be copied or reproduced by defense counsel or any other authorized recipient, except as necessary to provide copies of the materials for use by defense counsel, Defendant and such persons as are employed by them to assist in the defense. Such copies and reproductions shall be treated in the same manner as the original matter.

6. Any notes or records of any kind that defense counsel or any other recipient may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than as set forth above in paragraph 4.

7. Defendant is precluded from posting or causing to be posted any of the materials produced in discovery or information contained in the discovery on the Internet, including any social media website.

8. The government has also identified certain discovery materials pursuant to Rule 16 of the Federal Rules of Criminal Procedure that are sensitive because they reveal the voices, images or true identities of undercover law enforcement officers or confidential human sources and may affect the safety of witnesses. These materials have been marked "ATTORNEY ONLY." These materials may be disclosed by defense counsel to the defendants for review only in the presence of defense counsel and for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any of this material outside the presence of defense counsel. Materials marked "ATTORNEY ONLY" shall not be shown or provided to potential witnesses.

9. Should defense counsel disagree with the government's designation of any materials marked "ATTORNEY ONLY" defense counsel must initially meet and confer with the government to resolve the dispute if possible. If after meeting and conferring with the government defense counsel disagrees with the government's determination as to the characterization of the material(s) defense counsel may then notify the Court and seek a judicial determination of whether the specific material(s) at issue should be designated "ATTORNEY ONLY." Likewise, should defense counsel determine that there is a need to show "ATTORNEY ONLY" materials to potential witnesses, defense counsel must initially meet and

confer with the government to resolve the dispute if possible, prior to seeking a judicial determination.

10. This Order does not prevent or limit the disclosure of any discovery materials, including those marked "ATTORNEY ONLY," in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive material marked "ATTORNEY ONLY" pertinent to any motion before the Court should be filed under seal.

11. The entry of a protective order in this case will permit the government to produce sensitive discovery materials directly to defense counsel without the need for defense counsel to review the materials at the U.S. Attorney's Office during normal business hours. It will also afford the defense easy access to those materials, which will facilitate the preparation of the defense.

12. Prior to providing or disclosing any of the materials to any authorized recipient, defense counsel shall provide a copy of this Order to each authorized recipient and shall advise each authorized recipient that at the conclusion of this case, the materials must be returned to defense counsel. All authorized individuals and entities receiving these materials from defense counsel shall be subject to this Order and shall not further disclose the materials or their contents except as permitted by this Order or any further order of this Court.

13. All materials produced by the government in preparation for or in conjunction with any stage of the proceedings in this case, including but not limited to grand jury transcripts, agency reports, witness statements, memoranda of interview, and any documents provided by the government, excluding trial exhibits, remain the property of the United States. Within 30 days following the later of sentencing, conclusion of any post-conviction motion (appeal or motion pursuant to 28 U.S.C. § 2255), or an earlier resolution of the charge(s) against the defendants, all such materials and all copies made thereof shall be returned to the United States without further order of Court or destroyed by defense counsel.

14. Any successor defense counsel shall be subject to this Protective Order.

15. Violation of this Protective Order may result in the imposition of sanctions.

16. Accordingly, the parties respectfully request that the Court approve and enter this Stipulated Protective Order.

IT IS SO STIPULATED.
Dated: November 6, 2020, at Honolulu, Hawaii.

                                      Respectfully submitted,

                                      KENJI M. PRICE
                                      United States Attorney
                                      District of Hawaii

                                      */s/ Mohammad Khatib*

        MOHAMMAD KHATIB
        Assistant U.S. Attorney


        */s/ Harlan Y. Kimura*
        HARLAN Y. KIMURA, ESQ.
        Attorney for Defendant
        SHAWN MARTINEZ


APPROVED AND SO ORDERED.

Dated:  November 9, 2020, at Honolulu, Hawaii.



Wes Reber Porter
United States Magistrate Judge


*United States v. Shawn Martinez* Cr. No. 20-00061 JMS
"Stipulated Protective Order"